1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROY C. THOMPSON,

11
                        Plaintiff,                    No. CIV S-06-0504 LKK EFB PS
12          vs.

13    SHASTA COUNTY/ DEPT. of                         FINDINGS AND RECOMMENDATIONS
      RESOURCE MANAGEMENT
14    BUILDING DIVISION, et al.,

15          Defendants.

16    _____/

17          This action, in which plaintiff is proceeding pro se, was referred to the undersigned on

18    August 29, 2006, pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).  On June 28,

19    2006, defendants James A. Blalock and Shasta County[1] (collectively referred to herein as

20    "defendants") filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P.

21    12(b)(6), and a motion to strike plaintiff's "memorandum of points and authorities in support of

22    claim for damages first amended," which was attached to the amended complaint.  Plaintiff filed

23    papers opposing both motions, to which defendants filed a reply brief.  All papers were taken

24

25    _____
            [1] Shasta County was named in the complaint as "Shasta County/Department of Resource
26    Management Building Division."

                                                      1

under submission without oral argument on August 1, 2006.[2]  Having considered all submitted

papers, the undersigned issues the following findings and recommendations.

I.  BACKGROUND

This action is proceeding on the amended complaint filed on June 19, 2006.  In brief, it

concerns a citation issued to plaintiff on December 28, 2004, for violating Shasta County Code

§ 17.26.020 (impermissible use of rural residential property – in this case, operating an auto

mechanic business).  The citation was issued by defendant James A. Blalock, a Shasta County

building inspector.  Although the named defendants are Mr. Blalock and the Shasta County

Department of Resource Management, the bulk of plaintiff's allegations seem to relate to the

constitutionality of the proceedings adjudicating the citation and imposing a fine therefor.

On April 7, 2005, plaintiff appeared for the hearing on the citation at the Shasta County

Superior Court.  Plaintiff refused to stipulate to a commissioner acting as presiding officer and

requested a court trial or a trial by jury.  Plaintiff left the courtroom when his requests were

denied.  A fine in the amount of $335 was imposed.  To date, it appears that plaintiff has not paid

this fine, and as a result, additional assessments have been made.  Plaintiff filed this action on

March 10, 2006.

At the May 25, 2006 hearing on defendants' motion to dismiss, Magistrate Judge

Hollows explained to the plaintiff that the original complaint stated no cognizable claim against

the named defendants.  As discussed below, the amended complaint fails to cure this defect.

II.  REQUEST FOR JUDICIAL NOTICE

On June 28, 2006, defendants filed a request for judicial notice, asking the court to take

notice of four items: (1) Shasta County Code § 1.12.030 (provision concerning process for

---

[2] Before reassignment of the case on August 29, 2006, it was temporarily assigned to
Magistrate Judge Gregory G. Hollows.  Defendants' motion to dismiss the original complaint
was before Judge Hollows for hearing on May 25, 2006.  Judge Hollows granted the motion to
dismiss with leave to amend.  Plaintiff filed an amended complaint on June 19, 2006.
Defendants' motion to dismiss the amended complaint and motion to strike the memorandum of
points and authorities were taken under submission by order dated August 1, 2006.

1  enforcing county codes); (2) Shasta County Code § 17.94.060 (provision permitting

2  administrative enforcement of property use regulations); (3) Shasta County Code § 17.26.020

3  (provision relating to permitted uses of property in rural residential districts); and (4) the file

4  from Shasta County Superior Court, case number MCRDINNT040032927, *People v. Roy Curtis*

5  *Thompson*.

6          The party requesting judicial notice bears the burden of persuading the court that the

7  particular fact is not reasonably subject to dispute and is capable of immediate and accurate

8  determination by resort to a source whose accuracy cannot reasonably be questioned.  The party

9  must also supply the court with the source material needed to determine whether the request is

10  justified.  *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781-82 (E.D. Cal. 1992); Fed. R.

11  Evid. 201(b).  Specifically, the party must submit to the court a formal pleading, entitled

12  "Request for Judicial Notice" that enumerates (1) the basis for taking judicial notice, and (2) the

13  item to be noticed (with copies, preferably certified, of the files or materials attached).  *American*

14  *Glue & Resin v. Air Products & Chemicals*, 835 F. Supp. 36, 40-41 (D. Mass. 1993).

15          Defendants have submitted the proper formal pleading and sufficient source material to

16  determine the request.  The first three items – county code provisions – fall within the ambit of

17  Federal Rule of Evidence 201(b)(2), because they are "capable of accurate and ready

18  determination by resort to sources whose accuracy cannot reasonably be questioned."  *See, e.g.,*

19  *Manufactured Home Communities, Inc. v. City of San Jose*, 358 F. Supp. 2d 896, 904 (N.D. Cal.

20  2003) (taking judicial notice of municipal ordinances), *rev'd on other grounds*, 420 F.3d 1022

21  (9th Cir. 2005).  The court also takes notice of the fourth item – the superior court records

22  concerning adjudication of plaintiff's citation.  *See*, *MGIC Indem. Co. v. Weisman*, 803 F.2d 500,

23  505 (9th Cir. 1986) (judicial notice may be taken of matters of public record outside the

24  pleadings).  Accordingly, defendants' request for judicial notice is granted.

25  ////

26  ////

1    III. <u>MOTION TO STRIKE</u>

2         Defendants move pursuant to Fed. R. Civ. P. 12(f) to strike the attachment to plaintiff's

3    first amended complaint, which is entitled "Memorandum of Points and Authorities in Support

4    of Claim for Damages First Amended."  This document is numbered from pages 10 to 18 and has

5    an additional eleven pages of exhibits.   The document itself appears to be a continuation of the

6    arguments set forth in the first amended complaint.  The exhibits consist of various notices

7    demanding payment of the $335 fine (plus an additional $250 assessment for non-payment).

8    Defendants move to strike this document on grounds that Fed. R. Civ. P. 7 does not allow for

9    any pleadings besides the complaint and answer.  Specifically, defendants note that Rule 7

10   contains no provision for a memorandum of points and authorities in support of a claim for

11   damages.

12        Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to strike from any

13   pleadings "any redundant [or] immaterial . . . matter."  Fed. R. Civ. P. 12(f).  "Redundant" has

14   been defined to include allegations that "constitute a needless repetition of other averments or

15   which are foreign to the issue."  *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

16   Here, it appears that much of the material included in the memorandum of points and authorities

17   is a needless repetition of allegations in the complaint.  Nonetheless, motions to strike are

18   generally disfavored, and should not be granted "unless it can be shown that no evidence in

19   support of the allegation would be admissible, or those issues could have no possible bearing on

20   the issues in the litigation."  *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262

21   F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

22        Plaintiff's memorandum of points and authorities, although redundant, does not contain

23   allegations so extraneous to the litigation that it should be stricken.  In fact, as mentioned above,

24   this document is merely a continuation of the first amended complaint.  Because plaintiff is

25   proceeding in pro se, the court liberally construes the first amended complaint, and construes the

26   attached memorandum as a portion thereof.  *See*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1     Accordingly, the court recommends that defendants' motion to strike the "Memorandum of

2     Points and Authorities in Support of Claim for Damages First Amended" be denied.

3     IV.  <u>MOTION TO DISMISS</u>

4          Defendants move to dismiss the amended complaint for failure to state a claim pursuant

5     Federal Rule of Civil Procedure 12(b)(6). Defendants argue that plaintiff has not asserted any

6     facts to support a cause of action against them under any cognizable legal theory.

7         A.  <u>Standard</u>

8          Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to

9     state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can

10    prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v.*

11    *Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957); *Palmer v.*

12    *Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981)). Dismissal may be

13    based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

14    support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

15    Cir. 1990). In reviewing a complaint under this standard, the court must accept as true the

16    allegations of the complaint. *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976);

17    *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes

18    the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.

19    *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In a case

20    where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings

21    liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the

22    court's liberal interpretation of a pro se complaint may not supply essential elements of a claim

23    that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of*

24    *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to

25    accept legal conclusions cast in the form of factual allegations if those conclusions cannot

26    reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752,

1  754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

2  deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

3       B.  The Amended Complaint

4       The allegations in the amended complaint contain no facts to support any cause of action

5  against the named defendants.  Plaintiff alleges no unlawful conduct by the defendants.  The only

6  factual allegations against defendants concern issuance of the citation for plaintiff's violation of

7  the Shasta County Code.  Plaintiff's primary complaint seems to be that he was not allowed to

8  have the infraction tried by a jury.  He appears to allege that defendants somehow colluded to

9  deprive him of this purported right to a jury trial under the Sixth Amendment.  *See* First

10 Amended Complaint ("FAC") at 6:3-7 ("defendants . . . must have had knowledge that the

11 Superior Court, would not offer a jury trial in a infraction case. . . .").  Plaintiff's factual

12 allegations, even taken as true, state no cognizable cause of action against defendants.

13      The Sixth Amendment right to a jury trial does not extend to all criminal cases.  *District*

14 *of Columbia v. Clawans*, 300 U.S. 617, 624 (1937).  The constitutional right to a jury attaches

15 only to "serious" offenses, and not to "petty offenses."  *Frank v. United States*, 395 U.S. 147,

16 148-49 (1969).  The Supreme Court has generally used the severity of the maximum authorized

17 penalty as the most relevant criteria in determining whether an offense is petty or serious.

18 *Baldwin v. New York*, 399 U.S. 66, 68 (1970).  The *Baldwin* plurality concluded that "no offense

19 can be declared 'petty' for purposes of the right to trial by jury when imprisonment for more than

20 six months is authorized."  *Id.* at 69.  The general rule has become that an offense is petty if the

21 maximum penalty provided does not exceed six months, a $500 fine, or both.  *United States v.*

22 *Jenkins*, 734 F.2d 1322, 1326 (9th Cir. 1983) (citations omitted).

23      In this case, a fine of $335 was imposed on plaintiff for operating an auto mechanic

24 business in a rural residential district in violation of Shasta County Code § 17.26.020.  This

25 ////

26 ////

6

1   violation is an infraction.[3]   Under California law, the maximum fine for an infraction is $100 for

2   the first violation, $200 for the second violation of the same ordinance within one year, and $500

3   for each additional violation within one year.  Cal. Gov't Code § 25132 (b).  Moreover, an

4   infraction is not punishable by imprisonment, nor is a person charged with an infraction entitled

5   to a trial by jury.  Cal. Penal Code § 19.6.  Accordingly, under the standards set forth in *Baldwin*

6   and *Jenkins*, plaintiff has no right to a jury trial for the cited offense.

7           The balance of the first amended complaint (and its attachment) consists of disjointed

8   citations to the Constitution and various cases in an apparent effort to demonstrate the

9   unlawfulness of the citation itself and the proceedings wherein the fine was imposed.  The court

10  has reviewed the allegations, and is unable to construe from them any facts that support a

11  cognizable claim against defendants.  *Clegg v. Cult Awareness Network*, 18 F.3d at 754-55

12  ("[t]he court is not required to accept legal conclusions cast in the form of factual allegations if

13  those conclusions cannot reasonably be drawn from the facts alleged.").

14          Plaintiff was previously advised of the deficiencies of the original complaint at the

15  hearing on May 25, 2006, and was granted leave to amend.  The amended complaint fails to cure

16  those defects.  Moreover, plaintiff cannot amend the complaint to state a claim against the

17  defendants under the Sixth Amendment.  Therefore, the court finds that granting plaintiff further

18  leave to amend would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal

19  of a pro se complaint for failure to state a claim is proper where amendment would be futile).

20  Accordingly, the court recommends that defendants' motion to dismiss be granted without

21  further leave to amend.

22  ////

23  ////

24

25          [3] *See*, Defendants' Request for Judicial Notice, Exhibit B (citing Shasta County Code §
    17.94.060(D) (defining a violation thereof as an infraction)); Defendants' Request for Judicial
26  Notice, Exhibit D (copy of citation/"notice to appear," which lists the offense as an infraction).

7

1    V.  <u>CONCLUSION</u>

2            In accordance with the foregoing, IT IS RECOMMENDED that:

3            1.  Defendants' motion to strike the "Memorandum of Points and Authorities in Support

4    of Claim for Damages First Amended" be denied;

5            2.  Defendants' motion to dismiss be granted without leave to amend; and

6            3.  That the Clerk be directed to close the case.

7            These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

9    days after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12   shall be served and filed within ten (10) days after service of the objections.  The parties are

13   advised that failure to file objections within the specified time may waive the right to appeal the

14   District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

15   951 F.2d 1153, 1157 (9th Cir. 1991).

16   DATED:  January 17, 2007.

17

18                                    EDMUND F. BRENNAN
19                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26